Kevin Murphy
WUERSCH & GERING LLP
100 Wall Street, 10th Floor
New York, New York 10005
Tel. 212-509-5050
Fax: 212-509-9559

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
IN RE *EX PARTE* APPLICATION OF TRACEY AMON
FOR AN ORDER TO OBTAIN DISCOVERY
FOR USE IN FOREIGN PROCEEDINGS                     Case No.: 2022-CV-

                                 Applicant.
-----------------------------------------------------------------x

**MEMORANDUM OF LAW**
**IN SUPPORT OF *EX PARTE* APPLICATION OF**
**TRACEY AMON FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**
**TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.   THE APPLICATION TO ISSUE A DISCOVERY SUBPOENA TO
     AMERICAN EXPRESS SHOULD BE GRANTED . . . . . . . . . . . . . . . . . . . . . . . 4

   A.  Ms. Amon has met the requirements of the statutory threshold for relief under
       28 U.S.C. § 1782. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       1.  The person from whom discovery is sought resides or can be found in the district
           court where the application is made. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       2.  The Discovery sought is for use in a foreign tribunal. . . . . . . . . . . . . . . . . . . 5

       3.  The application is made by an interested person . . . . . . . . . . . . . . . . . . . . . . 6

   B.  This Court Should Exercise its Discretion in Favor of Applicant's Request for
       Discovery. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       1.  American Express is not a party to the Foreign Proceedings Which Weighs
           Heavily in Favor of Granting Ms. Amon's Application. . . . . . . . . . . . . . . . . 7

       2.  The Swiss Courts Would Be Receptive to Discovery Pursuant to § 1782. . . . . . 8

       3.  Ms. Amon's § 1782 Application Does Not Constitute an Attempt to Circumvent
           Proof-Gathering Restrictions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

       4.  The Information Sought Is Not Unduly Intrusive or Burdensome. . . . . . . . . . . 10

   C.  *Ex Parte* Application is Appropriate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

*Cases*

*AlixPartners, LLP v. Fund for Protection of Investor's Rights in Foreign States*, slip op., (June
13, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Brandi-Dohrn v. IKB Deutsche Industrielbank AG*, 673 F.3d 76 (2d Cir. 2012) . . . . . . . . . . 6, 7

*Esses v. Hanania (In re Application of Esses)*, 101 F.3d 873 (2d Cir. 1996) . . . . . . . . . . . . . . 11

*Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1102 (2d Cir. 1995) . . . . . . . . . . . . . . . 8, 10

i

*Gushlak v. Gushlak*, 486 Fed. Appx. 215, 217 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re ALB-GOLD Teigwaren GmbH*, 19-mc-1166, 2019 WL 4140852
    (S.D.N.Y. Aug. 30, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

In re Application of Shervin Pishevar, 439 F. Supp. 3d 290
    (S.D.N.Y. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Application of Esses*, 101 F.3d 873 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Application of Malev Hungarian Airlines*, 964 F.2d 97 (2d Cir. 1992) . . . . . . . . . . . . . . 6

*In re BNP Paribas Jersey Tr. Corp. Ltd.,* 2018 WL 895675 (S.D.N.Y. 2018) . . . . . . . . . . . . . 9

*In re Edelman*, 295 F.3d 171 (2d Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Ex Parte Application of Porsche Automobil Holding SE*,
    No. 15-MC-417 (LAK), 2016 WL 702327 (S.D.N.Y. 2016) . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Grynberg*, 223 F. Supp. 3d 197 (S.D.N.Y. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Servicio Pan Americana de Proleccion,* 354 F. Supp. 2d 269 (S.D.N.Y. 2004) . . . . . . 8

*Intel Corp. v. Advanced Micro Devices*, Inc., 542 U.S. 241 (2004). . . . . . . . . . . . . . . . . . passim

*Metallgesellschaft AG v. Hodapp (In re Application of Metallgesellschaf)*,
    121 F.3d 77 (2d Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Schmitz v. Bernstein Liebhard & Lifshitz*, 376 F.3d 79 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . 6

*Symeou v. Hornbeam Corp. (In re Hornbeam Corp.)*, 722 Fed. Appx. 7 (2d Cir. 2018) . . . . . . 11

*Top Matrix Holdings, Ltd.*, 2020 WL 248716 (S.D.N.Y. Jan. 15, 2020) . . . . . . . . . . . . . . . . .5, 9


**Statutes**

28 U.S.C. section 1782. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

## PRELIMINARY STATEMENT

Applicant Tracey Amon submits this memorandum of law in support of her *ex parte* application seeking an order pursuant to 28 U.S.C. § 1782 for the issuance of a subpoena directed to American Express Company ("American Express") to produce documents concerning credit card purchases and payments made by Maurice Alain Amon, using his American Express credit card [redacted][1] under the name "Maurice A Amon" from the years 2015-2019, and related cards under the name Tracey Amon.  These documents will be used in certain proceedings in Switzerland relating to the disposition of the estate of Maurice Alain Amon, and the marital assets of the estate to which Ms. Amon is entitled as co-heir.

The facts set forth herein are based on: 1) the declaration of Fanette Sardet, an attorney representing Ms. Amon before the Swiss courts and 2) the declaration of Kevin Murphy that serves as the *ex parte* application.

### The Parties

Tracey Amon is the widow of Maurice Alain Amon ("Decedent"), who until his death in 2019, was the sole beneficial owner of number of companies with estimated personal assets exceeding 600 million dollars.

The party from which discovery is sought is American Express Company,[2] which serviced a credit card for Decedent's use through his death in 2019.  The principal place of business for American Express Company is 200 Vesey Street, New York, NY 10285 where it is believed copies of the documents are held.

Ms. Amon is a citizen of New York.  She is the plaintiff in an action against Decedent's co-heir Albert Amon and the executor of Decedent's estate Silvio Venturi and others, venued in

---

[1] The specific credit card number will be included in the subpoena to American Express, and not filed publicly.
[2] The branch of the company dealing with corporate records is known as "American Express Card Services."

the Bernese Oberland Court in Thun, Switzerland under docket CIV 20 2324.  She is also the

plaintiff in an action against the same parties, venued in the Cantonal Large Claims Chamber,

Lausanne, Switzerland under docket CC 20.006610.  She is also the plaintiff in an action against

the same parties, venued in the court of the Principality of Monaco under docket 2020/0415.

Ms. Amon is the defendant in an administrative proceeding before the Justice of the

Peace in Lausanne under docket ST19.037350 (collectively, these matters shall be referred to as

the "Foreign Proceedings").

Decedent's co-heir Albert Amon was originally born in the United States, and since 2013

is a citizen of Switzerland.

Decedent's executor Venturi is a citizen of Switzerland, and, upon information and

belief, also resides in the Principality of Monaco.

<u>Factual Background</u>

Ms. Amon is a claimant in multiple foreign proceedings.  These proceedings each

concern the same subject matter, Ms. Amon's rights as a spouse in the marital estate left by the

passing of Decedent in July 2019.  By a will he attempted to make prior to his death, Decedent

attempted to disinherit Ms. Amon by bequeathing his estate in full to his son, Albert Amon, at

Ms. Amon's expense.  A later codicil, executed in Singapore on March 17, 2019 added legatees

Virginie Mouzat (believed to be Decedent's girlfriend in the months prior to his death),

Decedent's residence manager in Bern, and attorney and de facto executor Silvio Venturi.

By that same will, he claimed to be domiciled in Monaco when the facts have generally

shown that he was instead domiciled in Gstaad, Switzerland where the couple lived in a 30,000

square foot chalet (Chalet MATA).

2

The discovery sought from American Express concerns the location of the marital assets and information pertaining to Decedent's actual—versus his claimed—domicile.  Decedent's purchases and payment history on his American Express credit card are expected to assist in establishing Decedent's connections to Gstaad in Bern, Switzerland, the place where Ms. Amon has alleged Decedent was domiciled, or another location.  Moreover, the credit card and payment history will assist Ms. Amon in locating marital assets.  As set forth in the application and in the Declaration of Fanette Sardet who represents Ms. Amon in the Swiss Foreign Proceedings, Decedent's domicile and distribution of assets are the primary issues in the Foreign Proceedings. *See* F. Sardet Decl., ¶¶10-13; 21-29.

There is only minimal burden to American Express as no deposition—but merely documents—are sought.  American Express is the recipient of many subpoenas seeking documents.

Domicile, as the Swiss Federal Court has ruled, is primarily decided by a corroborated "physical presence of a certain duration in the country in question." *See* Exhibit 1 at 10.[3] Moreover, once the issue of domicile is dealt with appropriately, the cantonal court will also have to decide distribution of assets.   Ms. Amon is entitled to a complete listing and location for those assets, so that any distribution is just and proper under applicable law.  What Decedent paid for and how will directly assist in the identification of marital assets, and his actual domicile in the years from 2015 through 2019.

---

[3] All Exhibits are attached to the Declaration of Kevin Murphy.

The Documents

Ms. Amon seeks to obtain from American Express: 1) documents and information concerning

credit card purchases and payments made by Maurice Alain Amon, using his American Express

credit card [redacted] under the name "Maurice A Amon" from the years 2015-2019, and related

American Express credit card accounts in the name of Tracey Amon.

## ARGUMENT

**I.   APPLICATION TO ISSUE A DISCOVERY SUBPOENA TO AMERICAN EXPRESS SHOULD BE GRANTED.**

**A. Ms. Amon has met the requirements of the statutory threshold for relief under 28 U.S.C. § 1782.**

28 U.S.C. § 1782 authorizes discovery to litigants or other "interested persons" in

proceedings before foreign and international tribunals.  The statute in pertinent part provides:

> The district court of the district in which a person resides or is found may
> order him to…produce a document or other thing for use in a proceeding in a
> foreign or international tribunal…  The order may be made pursuant to a letter
> rogatory issued, or request made, by a foreign or international tribunal or upon the
> application of any interested person and may direct that the…document or thing
> be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

This Court has authority to grant a discovery request pursuant to Section 1782 so long as

the following statutory requirements are met: (i) the discovery sought is for use in a foreign

tribunal, (ii) the court is in the district where the party from whom discovery is sought is "found"

or located; and (iii) the party seeking discovery is a foreign tribunal or an "interested party" in

the foreign proceeding with the meaning of the statute.  *Intel Corp. v. Advanced Micro Devices,*

Inc., 542 U.S. 241 (2004).  Moreover, "Congress has expressed as its aim that the statute be

interpreted broadly and that courts exercise discretion in deciding whether, and in what manner,

to order discovery in particular cases. *In re Edelman*, 295 F.3d 171, 180 (2d Cir. 2002). Each of the *Intel* elements is certainly satisfied here.

    1.   The person from whom discovery is sought resides or can be found in the district <u>court where the application is made</u>.

As noted, the principal place of business for American Express is in Manhattan, New York.

    2.   <u>The Discovery sought is for use in a foreign tribunal</u>.

The discovery sought here is for use in a proceeding in Foreign Tribunals. The tribunals here are: 1) the Bernese Oberland Court in Thun, Switzerland; 2) the Cantonal Large Claims Chamber, Lausanne, Switzerland; 3) the court of Monaco, and 4) the Justice of the Peace in Lausanne, Switzerland. Decisions rendered in the cantonal courts are appealable to the Civil Chamber of Appeal in the first instance, and to the Federal Tribunal in the second instance. *See AlixPartners, LLP v. Fund for Protection of Investor's Rights in Foreign States*, slip op. at 7 (June 13, 2022)(holding tribunal to require sovereign authority conferred by a nation.). *Intel*, 542 U.S. at 258 (the term "tribunal" "includes investigating magistrates, administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional, civil, commercial and administrative courts.") Swiss courts have consistently been held to constitute foreign tribunals within the meaning of Section 1782. *See, e.g., Top Matrix Holdings, Ltd.*, 18 Misc. 465, 2020 WL 248716, at *4 (S.D.N.Y. Jan. 15, 2020)(noting Swiss courts have "consistently been considered to be sufficiently adjudicative to meet the Section 1782 adjudicative requirement"); *In re ALB-GOLD Teigwaren GmbH*, 19-mc-1166, 2019 WL 4140852, *8 (S.D.N.Y. Aug. 30, 2019)("There can be no doubt that the Swiss Federal Supreme Court qualifies as a "tribunal" under the second prong of § 1782(a)."); *In re Grynberg*, 223 F. Supp. 3d 197, 201 (S.D.N.Y. 2017)(same).

3. The application is made by an interested person.

Ms. Amon is a party to the litigation before the Swiss and Monaco courts. A party is an interested person for the purpose of Section 1728. *In re Application of Esses*, 101 F.3d 873, 875 (2d Cir. 1996), noting the legislative history of Section 1782 at S. Rep. No. 1580, 88th Cong., 2d Sess., at 8 (1964), which provides that an "interested person" includes one who is "a party to . . . foreign or international litigation.

The three threshold requirements are thus squarely met.

**A. This Court Should Exercise its Discretion in Favor of Applicant's Request for Discovery.**

If the Applicant meets the statutory requirements of Section 1782, the Court must then exercise its discretion as to whether and to what degree discovery should be allowed. As noted, Congress has given broad discretion to the district court in this regard. *Edelman*, 295 F.3d at 180. Courts should exercise that discretion in light of the twin aims of the statute: "providing efficient means of assistance to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts. *In re Application of Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992); *see also Schmitz v. Bernstein Liebhard & Lifshitz*, 376 F.3d 79, 84 (2d Cir. 2004)After finding that the statutory prerequisites of § 1782 have been satisfied, the Court must consider whether it should exercise its discretion and grant the § 1782 application. *Brandi-Dohrn v. IKB Deutsche Industrielbank AG*, 673 F.3d 76, 80 (2d Cir. 2012). In making that determination, the Court should be guided by the following four discretionary factors identified by the Supreme Court in *Intel*:

First, when the person from whom discovery is sought is a participant in the foreign proceeding, the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a non-participant in the matter arising abroad.  A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.

Second, a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance.

Third, a district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.

Fourth, unduly intrusive or burdensome requests may be rejected or trimmed. *Brandi-Dohrn*, 673 F.3d at 80-81. The Supreme Court and courts in this Circuit have acknowledged a Congressional intent to provide a liberal avenue to discovery in aid of foreign and international proceedings. *See*, e.g., *Intel*, 542 U.S. at 247-48; *Brandi-Dohrn* at 80 ("[T]he statute has, over the years, been given increasingly broad applicability.") (internal citation omitted).  Each of these considerations weigh in favor of granting Ms. Amon's application here.

    1.    <u>American Express is not a party to the Foreign Proceedings Which Weighs Heavily in Favor of Granting Ms. Amon's Application.</u>

The fact that American Express is not a party to the Foreign Proceedings is a factor that weighs heavily in favor of granting Ms. Amon's application.  In *Intel*, the Supreme Court specifically noted that, under circumstances where the person from whom discovery is sought is not a party to the foreign action, a Section 1782 Order granting discovery may be the only available means for discovery to be taken. See *Intel*, 542 U.S. at 264 ("[N]on participants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their

evidence, available in the United States, may be unobtainable absent § 1782(a) aid.")  Thus, the

first discretionary *Intel* factor weighs in favor of Ms. Amon's application.

      2.    <u>The Swiss Courts Would Be Receptive to Discovery Pursuant to § 1782.</u>

      Under the second *Intel* factor, this Court should look to whether the foreign tribunal

would be receptive to evidence obtained through Section 1782. *Intel,* 542 U.S. at 264-265. Ms.

Amon seeks issuance of a subpoena with the goal of using the evidence gained therefrom for its

benefit in a proceeding in the Swiss Foreign Proceedings.  As set out in the Sardet Declaration at

¶¶38-39, each of the Swiss Courts would be receptive to such discovery.

      "Absent specific directions to the contrary from a foreign forum, the statute's underlying

policy should generally prompt district courts to provide some form of discovery

assistance." *Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095, 1102 (2d Cir. 1995).  A court

should deny discovery based on lack of receptiveness only where it is provided with

"authoritative proof that [the] foreign tribunal would reject evidence obtained with the aid of

section 1782." *Id.* at 1100; *see In re Application of Shervin Pishevar*, 439 F. Supp. 3d 290

(S.D.N.Y. 2020); *see also In re Ex Parte Application of Porsche Automobil Holding SE,* No. 15-

MC-417 (LAK), 2016 WL 702327 (S.D.N.Y. 2016) (district courts should consider proof in

cases where the foreign tribunal or government has written to the district court hearing the

application and expressly stated that it did not want the American court's help).

      Further, courts have determined that the receptivity of a foreign court to U.S. federal

judicial assistance may be inferred from the existence of treaties that facilitate cooperation

between the U.S. federal judiciary and the foreign jurisdiction. *See In re Servicio Pan*

*Americana de Proleccion,* 354 F. Supp. 2d 269, 274 (S.D.N.Y. 2004) (foreign jurisdiction

"has indicated its receptivity to federal judicial assistance by its signature of treaties

facilitating such cooperation").  Switzerland has entered into such a treaty with the United

States as has Monaco. *See* Convention of 18 March 1970 on the Taking of Evidence Abroad in

Civil or Commercial Matters (also known as the Hague Evidence Convention) (United States,

Monaco and Switzerland have all signed and ratified the convention); Agreement on Mutual

Legal Assistance Between the United States of America and the European Union, entered into

force February 1, 2010. Senate Treaty Doc. 110-13, 110th Cong. 2d. Ratified December 11, 2008

(Switzerland and United States only).

      Accordingly, the second *Intel* factor favors granting the discovery sought.

    3.  Ms. Amon's § 1782 Application Does Not Constitute an Attempt to Circumvent
       Proof-Gathering Restrictions.

      The third *Intel* factor considers "whether the § 1782(a) request conceals an attempt to

circumvent foreign proof-gathering restrictions or other policies of a foreign country or the

United States." *Intel*, 542 U.S. at 265.  The Second Circuit in *Mees* noted that this factor does

"not authorize denial of discovery pursuant to § 1782 solely because such discovery is

unavailable in the foreign court, but simply ... allow[s] consideration of foreign discoverability

(along with many other factors) when it might otherwise be relevant to the § 1782 application."

*Mees*, 793 F.3d at 303 (quoting *Metallgesellschaft AG v. Hodapp (In re Application of*

*Metallgesellschaf)*, 121 F.3d 77, 79 (2d Cir. 1997).

      Nor is a Section 1782 applicant required to first exhaust its remedies in the foreign court.

"Courts may grant § 1782 applications even where the applicant did not first seek discovery in

the foreign tribunal ..., or where the information sought was not discoverable under the laws of

the foreign country at issue in the foreign proceeding." *In re BNP Paribas Jersey Tr. Corp. Ltd.,*

2018 WL 895675 (S.D.N.Y. 2018); *see Top Matrix*, 2020 WL 248716, *5 ("discovery of

evidence located extraterritorially can still be compelled under Section 1782.")  There is no

reason to believe that requiring production of any of the discovery sought violates any public policy. Ms. Amon merely seek documents in the possession of a private party regarding proof of Decedent's domicile nearer in time to the execution of his defective will disinheriting Ms. Amon, and proof of the actual worth of the marital estate.  Switzerland does not have any law or public policy against such discovery. F. Sardet Decl. at ¶¶38-39.

Therefore, this *Intel* factor, too, favors granting Ms. Amon's application.

4.  The Information Sought Is Not Unduly Intrusive or Burdensome.

Ms. Amon seeks, *inter alia*, limited information and documents from American Express concerning the documents, particularly credit card purchases and payments by Decedent, which may prove central to the issues before the Swiss courts.

A request for such information can hardly be considered unduly burdensome by the standards of ordinary discovery. *See Mees*, 793 F.3d at 302 ("[A] district court evaluating a § 1782 discovery request should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure.")  These are not wide-ranging documents.  They are documents readily available to American Express and should consist of no more than 100 or so pages.

Moreover, "it is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright." *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 (2d Cir. 1995).  Accordingly, Ms. Amon's request should be granted in full, because the information sought is not excessive.

In sum, each of the four *Intel* discretionary factors weigh in Ms. Amon's favor. Moreover, Ms. Amon is amenable to having any discovery produced under appropriate confidentiality protections. *See id.* at 179.

**B.** *Ex Parte* **Application is Appropriate.**

Ms. Amon makes this Application *ex parte*. The *ex parte* application procedure is appropriate and permissible because, after being served with the subpoena, American Express may retain rights under the Federal Rules of Civil Procedure to seek to quash and/or modify the subpoena served upon them (Fed. R. Civ. P. 45(c)(3)) or to seek a protective order (Fed. R. Civ. P. 26 (c)). *See Esses v. Hanania (In re Application of Esses)*, 101 F.3d 873, 874 (2d Cir. 1996): *see also Symeou v. Hornbeam Corp. (In re Hornbeam Corp.)*, 722 Fed. Appx. 7, 11 (2d Cir. 2018) ("[The Second Circuit] has decided appeals from motions to quash *ex parte* § 1782 subpoenas without identifying any impropriety in the *ex parte* nature of the § 1782 application."); *Gushlak v. Gushlak*, 486 Fed. Appx. 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*"). The respondents' due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)."). In any event, Ms. Amon has in fact served this application by electronic mail on November 13, 2022 on the attorneys for Decedent's executor Silvio Venturi, Decedent's co-heir, Albert Amon, and by Federal Express directly on November 8, 2022, well prior to this filing.

<u>CONCLUSION</u>

For the reasons set forth above and in the accompanying declarations, Ms. Amon has demonstrated that all three statutory factors and all four discretionary factors weigh in favor of granting in full its application for an Order pursuant to 28 U.S.C. § 1782 issuing a *subpoena duces tecum* upon American Express and that application should be granted.

Dated: December 2, 2022          **WUERSCH & GERING LLP**

By: <u> /s/                                    </u>
        Kevin Murphy
        100 Wall Street, 10th Floor
        New York, New York 10005
        *Attorneys for Applicant*
        *Tracey Amon*