```
┌─────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY  FILED           │
│ DOC #:_____          │
│ DATE FILED:___05/22/2024___     │
└─────────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**In Re: *Ex Parte* Application of Tracey Amon**

---

**1:22-cv-10248 (JGK) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

This proceeding arises from an application by Petitioner Tracey Amon ("Amon"), pursuant to 28 U.S.C. § 1782, to obtain discovery from Respondent American Express Company ("Respondent") in aid of a foreign proceeding. (*See* Petition, ECF No. 1.) This Opinion and Order addresses the prior noncompliance by American Express with Orders of the Court, and the Order to Show Cause ("OTSC") issued by the Court on April 9, 2024, arising therefrom. (OTSC, ECF No. 20.)

## BACKGROUND

On December 2, 2022, Amon filed her *Ex Parte* Application for an Order to Obtain Discovery Pursuant to 28 U.S.C. § 1782. (Petition, ECF No. 1.) On January 26, 2023, the Court granted the application and authorized Amon to serve a subpoena upon American Express (the "Subpoena"). (1/26/23 Order Authorizing Discovery, ECF No. 10.)

More than a year later, on March 18, 2024, Amon filed a letter motion ("Letter Motion to Compel") seeking an Order from the Court to compel American Express to produce documents responsive to the Subpoena, which Subpoena had been served on February 10, 2023. (Pet.'s 3/18/24 Ltr. Mot., ECF No. 12.) The Court thereafter issued two Orders requiring a written response from American Express to Amon's Letter Motion to Compel, *i.e*., one dated March 18,

2024 (3/18/24 Memo Endorsement, ECF No. 13) and one dated March 28, 2024 (3/28/24 Order, ECF No. 15) (together, the "Prior Orders"). However, American Express failed to comply with the Prior Orders. (*See* Amon's 4/8/24 Ltr., ECF No. 18, at 2.)

By letter dated April 8, 2024, Amon asked the Court to order American Express to provide an excuse for its failure to abide by the Prior Orders. (Amon's 4/8/24 Ltr., ECF No. 18, at 1.) On April 9, 2024, the Court issued its OTSC requiring American Express to show cause in a writing filed to the ECF docket why it should not be sanctioned for failing to comply with the Prior Orders. (OTSC at 1-2.) The Court ordered Amon to serve a copy of the OTSC on American Express and had its Chambers transmit a copy of the same via email to counsel at American Express. (*Id.* at 2-3.) On April 18, 2024, counsel for American Express entered an appearance in this case. (Not. of Appearance, ECF No. 22.)

After procuring two extensions of time, during which the parties sought to resolve the issues before the Court (*see* 4/19/24 Order, ECF No. 24; 5/3/24 Order, ECF No. 26), on May 13, 2024, American Express filed its response to the OTSC (the "Response") with three declarations. (5/13/24 Response, ECF No. 27; McCray Decl., ECF No. 28; Villaraos Decl., ECF No. 29; Handelsman Decl., ECF No. 30.) On May 14, 2024, the Court entered a Text Only Order providing: "No later than 5/20/2024, counsel for Amon may file any response to the documents filed yesterday by American Express Company at ECF Nos. 27 to 30." (5/14/24 Order, ECF No. 31.) Counsel for Amon failed to file such a response by May 20, 2024.

## **LEGAL STANDARDS**

"[S]anctions for a non-party's failure to comply with a subpoena arise under Rule 45."

*Concepts NREC, LLC v. Qiu*, No. 20-CV-00133 (GWC) (KJD), 2024 WL 2137762, at *1 (D. Vt. Mar.

22, 2024). Rule 45(g) of the Federal Rules of Civil Procedure provides:

> The court for the district where compliance is required . . . may hold in contempt
> a person who, having been served, fails without adequate excuse to obey the
> subpoena or an order related to it.

Fed. R. Civ. P. 45(g).[1]

The Federal Magistrates Act provides that, in civil, non-consent cases, where an act

constitutes a civil contempt,

> the magistrate judge shall forthwith certify the facts to a district judge and may
> serve or cause to be served, upon any person whose behavior is brought into
> question under this paragraph, an order requiring such person to appear before a
> district judge upon a day certain to show cause why that person should not be
> adjudged in contempt by reason of the facts so certified.

28 U.S.C.§ 636(e)(6)(B)(iii). Thus, in connection with the issuance of contempt sanctions, a

magistrate judge functions to certify the facts. *See Gov't Emps. Ins. Co. v. N. Med. Care, P.C.*, No.

20-CV-01214 (FB) (LB), 2021 WL 7906537, at *1 (E.D.N.Y. Nov. 3, 2021), *report & recommendation

adopted*, 2021 WL 7906536 (E.D.N.Y. Dec. 29, 2021).

In certifying the facts under Section 636(e), the magistrate judge's role is to determine

whether there is sufficient evidence to establish a *prima facie* case of contempt. *See Church v.

Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999). "Where . . . the magistrate judge declines to

certify the conduct to the district court for a determination of contempt, the 'district court may

---

[1] Rule 45(g) replaced former Rule 45(e) to "carr[y] forward the authority of former [Rule 45(e)] to punish
disobedience of subpoenas as contempt" and was "amended to clarify that contempt sanctions may be
applied to a person who disobeys a subpoena-related order, as well as one who fails entirely to obey a
subpoena." Fed. R. Civ. P. 15(g), Advisory Committee's Note to 2013 Amendment.

not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge.'" *In re Quadre Invs., L.P.*, No. 23-MC-00037 (MEG), 2024 WL 1550381, at *2 (D. Conn. Apr. 10, 2024) (quoting *Church*, 35 F. Supp. 2d at 217).

A party may be held in civil contempt for failing to comply with a court's order if:

(1) the order the [alleged contemnor] failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the [alleged contemnor] has not diligently attempted to comply in a reasonable manner.

*King v. Allied Vision, Ltd*., 65 F.3d 1051, 1058 (2d Cir. 1995) (citations omitted). Absent clear and convincing evidence of noncompliance, the harsh remedy of civil contempt is not warranted. *See Haua v. Prodigy Network, LLC¸* No. 2021 WL 3931877, at *3 (S.D.N.Y. Sept. 2, 2021) (citing *Hart Schaffner & Marx v. Alexander's Dep't Stores, Inc*., 341 F.2d 101, 103 (2d Cir. 1965)).

## ANALYSIS

Having carefully considered the Response filed by American Express to the OTSC, the Court declines, in its discretion, to impose sanctions upon American Express. The Court does so for two independent reasons.

First, the Court finds that American Express has provided the Court with an adequate excuse for failing to comply with the Court's Prior Orders. *See* Fed. R. Civ. P. 45(g). Stacia McCray ("McCray"), who is a manager and litigation counsel in American Express's Subpoena Response Unit ("SRU"), which is responsible for managing and responding to subpoenas, explained that she had been in communication with Amon's counsel regarding the Subpoena in February 2023, informing him that the responsive documents related to accounts that were determined to have been issued by Swisscard AECS GmbH ("Swisscard") in Switzerland. (McCray Decl. ¶¶ 3-6.) As a

result, the SRU closed the case file and marked Amon's Subpoena "resolved," as American Express determined it did not have any responsive documents. (*Id.* ¶ 7.)

In March 2024, when McCray received Amon's five-page Letter Motion to Compel that had been endorsed by the Court (*see* 3/18/24 Memo Endorsement at 5), McCray did not notice the Court's Order appearing at the bottom of page 5, which required American Express to respond to the Letter Motion to Compel by March 27, 2024. (McCray Decl. ¶ 12.) As McCray notes, the Court's March 18, 2024 Order appears at the bottom of page 5 in an Endorsement that is not at all prominent. (3/18/24 Memo Endorsement at 2.) Under these circumstances, the Court finds that McCray has given an adequate excuse for failing to comply with the March 18, 2024 Order.

Even though American Express failed to file a written response to the Letter Motion to Compel by the March 27, 2024 deadline set forth in the Court's March 18, 2024 Order, McCray was in communication with Amon's counsel about the Subpoena. (*See* McCray Decl. ¶¶ 13-14.) In fact, as noted by the Court in its March 28, 2024 Order, Amon's counsel had advised the Court on March 28, 2024 that "the parties [were] talking." (3/28/24 Order at 1.)

The Court's March 28, 2024 Order provided that, "unless a consensual resolution [was] reached by April 5, 2024, American Express [was to] file a written response to the ECF docket no later than April 5, 2024." (3/28/24 Order at 1.) McCray explains that American Express did not respond to the Letter Motion to Compel because it was her understanding on April 5, 2024 that the Letter Motion was consensually resolved. (McCray Decl. ¶ 23.) McCray based this understanding on the facts that American Express had notified Amon's counsel that it did not have Swisscard documents to produce; that McCray had endeavored to assist in connecting

Amon's counsel with in-house counsel at Swisscard; and that American Express had made a production of Petitioner's own U.S.-based account documents. (*Id.*; *see also* Villaraos Decl.) Under these circumstances, the Court finds that McCray also has given an adequate excuse for failing to comply with the March 28, 2024 Order.

Second, the Court finds that the facts do not support the imposition of contempt sanctions against American Express. The record reflects that McCray, on behalf of American Express, diligently attempted to comply with the Subpoena and the Prior Orders in a reasonable manner, such that contempt sanctions are not appropriate. *See King*, 65 F.3d at 1058. Thus, the undersigned declines to certify American Express's conduct to District Judge Koeltl for a determination of contempt.

## CONCLUSION

By reason of the foregoing, the Court declines to impose sanctions upon American Express.

In its Response, American Express asks the Court to "require no further action from American Express on Petitioner's Subpoena[,]" stating that "American Express does not possess the documents sought and has no practical ability to obtain them from their custodian, Swisscard." (5/13/24 Response at 13.) No later than May 29, 2024, Petitioner shall file a letter to the ECF docket stating (1) whether, based on her communications with American Express and the representations made by American Express in its Response, the Letter Motion to Compel is now moot, and if not, (2) the legal basis upon which American Express can be compelled to produce documents from Swisscard.

**SO ORDERED.**

Dated:      New York, New York
              May 22, 2024

                                              _____

                                              STEWART D. AARON
                                              United States Magistrate Judge